UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
MARK ANGEL PAGAN, *PRO SE*,          :
:
                     Plaintiff,          :    **REPORT AND**
:    **RECOMMENDATION**
    - against -          :
:    07 Civ. 8681 (SCR)(PED)
SERGEANT GERALD MISHK et al.,        :
:
                     Defendants.      :
:
------------------------------------------------------------x

TO:    THE HONORABLE STEPHEN C. ROBINSON,
        UNITED STATES DISTRICT JUDGE

**INTRODUCTION**

        This is an action under 42 U.S.C. § 1983, seeking damages allegedly caused by the use of excessive force by Defendants, all of whom are law enforcement officers. Before the Court is Plaintiff's "Motion for Permission to Amend the Complaint and Add Defendants" ("Motion") (Docket entry # 15), referred to the undersigned for a Report and Recommendation by order dated August 28, 2008.[1] (Docket entry # 19). By this motion, Plaintiff (who is proceeding *pro se*,) seeks to add six (6) defendants, whose names he states were unknown to him when his Complaint was filed on or about October 9, 2007.

**FACTS**

        In his Complaint, dated August 16, 2007, received by the Court's *Pro Se* Office on August 29, 2007, and filed on October 9, 2007, Plaintiff alleges that on September 16, 2004, he was injured while being apprehended by "numerous police officials" after he attempted to flee

---

[1] The Order of Reference was to the Honorable Mark D. Fox, United States Magistrate Judge. The reference was reassigned to the undersigned on January 12, 2009. (Docket # 20)

1

before being processed following his conviction in a misdemeanor trial. (Compl. ¶¶ 4, 13, 17.) In the Complaint, Plaintiff identified three (3) defendants: Sergeant Gerald Mishk, Sergeant Mark Schuh, and Detective Weissinger. (Compl. ¶ 4.) He then proceeded to give a detailed account of three different sets of actions that were taken against him – each allegedly taken by "one of the three defendants." (Compl. ¶ 5.) In that same paragraph, Plaintiff noted that he was "unable to identify the defendants" responsible for each of these actions because of his position during the incident. (Compl. ¶ 5.) The relevant paragraphs of the Complaint read:

> 4. Suddenly, numerous police officials [defendants: Sergeant Gerald Mishk, Desk Sergeant Mark Schuh, and Detective Weissinger] proceeded to pile on top of the plaintiff and Court Officer. These police officials began to attack plaintiff, assaulting him, with their hands, knees, and feet as plaintiff lay defenselessly, face down on the ground, already detained, in handcuffs behind his back.
>
> 5. a) One of the three defendants repeatedly punched, kneed, and kicked plaintiff with defendants' heavy steel toe boots, in his head, face, side, and torso area; b) One of the three defendants grabbed a hold of plaintiffs foot with both of his hands and twisted it with so much force plaintiffs ankle popped; c) While one of the three defendants grabbed a hold of plaintiffs left leg and jerked it so violently to the point where plaintiff felt the burning sensation of muscle and tissue fibers tearing in his knee. Plaintiff is unable to identify the defendants because he was face down with a knee across his head.

(Compl. ¶¶ 4-5.) Throughout the Complaint, Plaintiff repeatedly refers to "the three defendants" in making his allegations (Compl. ¶¶ 9-11, 14-15, 17, 20-21), and he again identifies the three defendants by name in Paragraphs 11 and 17 of the Complaint. Plaintiff makes reference to two unidentified "Doe" individuals in the body of his Complaint, but these individuals are not described as defendants: Jane Doe (a facility nurse) is mentioned in Paragraph 14 and John Doe (a "Corrections Sergeant" who photographed Plaintiff's injuries at his request) is mentioned in Paragraph 15. Although Plaintiff is evidently familiar with the "John Doe" option of naming

unidentified individuals, Plaintiff does not include any Doe defendants in either the caption or the body of the Complaint.

On or about May 16, 2008, Plaintiff filed the instant Motion, attaching a proposed Amended Complaint ("Prop. Am. Compl."), seeking to name an additional six (6) defendants. In Plaintiff's Affirmation, attached to his Motion ("Pagan Aff."), Plaintiff states that he "was previously unaware of the names and what specific roles these individuals played at the time [his] claim arose." (Pagan Aff. ¶ 2.) In his Reply Affirmation in Support of Motion to Amend Complaint ("Reply"), Plaintiff states that his first opportunity to learn the identity of these six individuals came as a result of a March 25, 2008 hearing at which the originally named defendants testified at a hearing and identified the individuals he now seeks to name as defendants. (Reply ¶ 7.) Plaintiff claims that he requested the transcripts of the March 25, 2008 hearing through his counsel in another matter in state court, but that he did not receive them at that time.[2] (Reply ¶ 6.) The allegations of Plaintiff's proposed Amended Complaint are the same as those in his Complaint, the only substantive change being the addition of the newly proposed defendants, whom he now identifies as having been involved in the conduct he alleges caused his injuries as a result of excessive force. (Prop. Am. Compl. ¶ 4, 9, 11, 17.)

Defendants, through counsel, have opposed Plaintiff's Motion, asserting that the statute of limitations on Plaintiff's claims has expired such that no more defendants may be named in this action and that there was undue delay on the part of Plaintiff in seeking to add the defendants. (Resp. Aff. ¶ 6.)

---

[2] Plaintiff claims that the information was not previously "classified as discoverable" (Reply Aff. ¶ 5), that he has "diligently" litigated the matter but was not successful in obtaining the pertinent information because he was not represented by counsel in this matter (Reply ¶ 6), and that his requests for this information, which were made to his counsel in his criminal matter in state court, were unsuccessful because the relevant transcripts (presumably those from the March 25, 2008 hearing) "were not yet authorized by a judge to be in my possession" (Reply Aff. ¶¶ 6-7).

## DISCUSSION

### I. Applicable Standards

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).[3] The determination to grant or deny a motion to amend a complaint is within the discretion of the court. See Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000)(noting that leave to amend is "discretionary" and should be "freely given"); Rafter v. Fleet Boston Financial Corp., 2006 WL 1071753, at *2-3 (S.D.N.Y. 2006). However, there must be good reason to deny such a motion. See Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995); Rafter, 2006 WL 1071753, at *2. Leave to amend should be granted unless there is "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Wright, 2007 WL 1180568 at *2 ("One appropriate basis for denying leave to amend [a complaint to add defendants] is that the proposed amendment is futile.")(quoting Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002)); Rafter v. Fleet Boston Financial Corp., 2006 WL 1071753, at *2-3 (S.D.N.Y. 2006)(discussing futility as a basis for denying a request to amend a Complaint to add defendants to a § 1983 action).

---

[3] When a request is made to add or delete parties from an action, Federal Rule of Civil Procedure 21 is also implicated. Rafter, 2006 WL 1071753, at *2. Rule 21 allows for addition of parties at any stage of the action and on such terms as are just. Fed. R. Civ. P. 21. The same standard of liberality applies regardless of whether Rule 15 or Rule 21 is implicated. Id.; Van Cortlandt v. Westchester County, 2007 WL 3238674, *4 (S.D.N.Y. 2007); FTD Corp. v. Banker's Trust Co., 954 F. Supp. 106, 109 (S.D.N.Y. 1997).

## II. Statute of Limitations

Defendants argue that Plaintiff is prohibited from amending his Complaint as requested because the relevant statute of limitations has expired. (Resp. Aff. ¶ 6.) Plaintiff argues that his statute of limitations has not expired because the original Complaint was filed within the appropriate time period; in essence, he argues that the proposed amendment relates back to the date of the original Complaint. (See Reply ¶4.)

A three-year statute of limitations governs Plaintiff's federal civil rights claims. Smalls v. Fraser, 2006 WL 2336911, at *2 (S.D.N.Y. 2006)(citing Owens v. Okure, 488 U.S. 235, 251 (1989); Soto v. Brooklyn Corr. Facility, 80 F.3d 34, 35 (2d Cir. 1996)). The date of the events that gave rise to Plaintiff's claims was September 16, 2004. (Compl. ¶ 1.) Plaintiff's Motion was dated May 12, 2008 and filed May 16, 2008. It is therefore clear that more than three years passed between the date of the actions underlying Plaintiff's claims and the date of his Motion. Thus, the claims against these six newly proposed defendants are time-barred unless the amendment relates back to the date of the original Complaint. Fed. R. Civ. P. 15(c); see also Smalls, 2006 WL 2336911, at *2.

In general, an amendment relates back to the date of the original Complaint when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). However, the Second Circuit has concluded that "even when a suit is brought by a *pro se* litigant, 'an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.'" Tapia-Ortiz v.Doe, 171 F.3d 150, 152 (2d Cir. 1999), quoting Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1996), modified, 74 F.3d 1366 (2d Cir. 1996). In Barrow, the

prisoner-plaintiff named ten "John Doe" police officer-defendants in his Complaint setting forth § 1983 claims, and was informed within the limitations period that he was required to identify and name the individual officers as defendants. The Court of Appeals concluded that "failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake[,]" and that "[s]ince the new names were added not to correct a mistake but to correct a lack of knowledge, the requirements of Rule 15(c) for relation back are not met." 66 F.3d at 470.

Although Plaintiff in this case was not explicitly instructed that he was required to identify and name the individual officers as defendants, he did in fact name three officers as defendants in his original Complaint, and he referred to those officers repeatedly as "the three defendants." Plaintiff was clearly familiar with the "John Doe" technique of describing unidentified individuals, but he did not name any "John Doe" defendants anywhere in his Complaint.[4] It is clear that Plaintiff did not name additional defendants in his original Complaint because he did not discover which additional officers participated in the September 16, 2004 incident until March 25, 2008, after the three-year limitations period had expired.

Thus, Plaintiff's attempt to add additional defendants now is an attempt to correct a lack of knowledge, not to correct a mistake. See Barrow, 66 F.3d at 470; Smalls, 2006 WL 2336911, at *3. Plaintiff has not satisfied the requirements of Rule 15(c) for relation back of his amendment to the date of the original Complaint, so the statute of limitations has expired. Id. The proposed amendment to the Complaint would be futile, and I therefore respectfully recommend that Plaintiff's motion be denied.[5]

---

[4] Naming officers as "John Doe" defendants in a § 1983 action does not permit a plaintiff to circumvent the statute of limitations. See Tapia-Ortiz v. Doe., 171 F.3d 150, 152 (2d Cir. 1999).

[5] In light of my finding that the Motion should be denied as futile based upon the statute of limitations, I do not reach the issue of undue delay under Rule 21.

**CONCLUSION**

For the foregoing reasons, I conclude – and respectfully recommend that Your Honor should conclude – that Plaintiff's Motion for Permission to Amend the Complaint and Add Defendants should be DENIED.

**NOTICE**

Pursuant to 28 U.S.C. §636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(d), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: February 24, 2009
      White Plains, New York

                                    Respectfully Submitted,

                                    Paul E. Davison
                                    United States Magistrate Judge
                                    Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

>The Honorable Stephen C. Robinson
>United States Courthouse
>300 Quarropas Street
>White Plains, New York  10601
>
>Mark Angel Pagan, *pro se*
>110 Wells Farm Road
>Goshen, NY 10924
>
>Alex Smith, Esq.
>Corporation Counsel of the City of Middletown
>Middletown City Hall
>16 James Street
>Middletown, NY 10940